HELEN COHEN, PLAINTIFF, v. PUBLIC SERVICE TRANS-
PORTATION COMPANY, A CORPORATION, AND JOHN
THORNTON, DEFENDANTS.

Submitted October term, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Weinberger & Weinberger.*

*Contra, Henry H. Fryling* and *Carl T. Freggens.*

PER CURIAM.

This is plaintiff's rule for new trial in an action to recover
damages for injuries received by the plaintiff, a pedestrian,
who, while attempting to cross Lexington avenue, in Passaic,
came into collision with a bus of the Public Service Trans-
portation Company.

The reasons urged for making the rule absolute are six
in number, four of which pertain to rulings by the trial
judge on evidence and a portion of the charge, and the re-
maining two that the verdict was against the weight of the
evidence and the result of mistake, passion, prejudice or par-
tiality. In three of these leading questions propounded by
the plaintiff's counsel in the direct examination were over-
ruled by the court. The questions objected to were clearly
leading and were properly excluded. The fourth point pre-
sents the refusal of the court to strike out an answer to a
question put to a witness for the defendant on cross-examina-
tion. The answer was substantially a characterization by the
witness of testimony already given by her and from it the
defendant suffered no harm.

The instruction complained of in the charge to the jury was not objectionable. Obviously if, as the instruction required, the driver of the bus was in the exercise of reasonable care he could not be charged with negligence in failing to anticipate that a pedestrian would come from in front of another bus in the path of the bus he was driving. If he was proceeding with reasonable care nothing more was required of him. *Cairns* v. *Fox,* 118 *Atl. Rep.* 453.

The final contention that the verdict was so clearly against the weight of the evidence as to require a new trial is without merit. There was a sharp conflict in the testimony as to liability, and in finding against the plaintiff the jury had ample justification.

The rule is discharged.